UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13CV-00166-GNS-HBB

ROBERT A. SHARP, JR.                                                                                      PLAINTIFF

v.

BEST BUY CO., INC.                                                                                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law and Recommendation ("R&R") (Findings of Fact, Conclusions of Law and Recommendation, DN 29 [hereinafter R&R]), and Movant C.C.'s ("C.C.") objections thereto (Obj. to R&R, DN 30). For the reasons outlined below, the Court **ADOPTS** the Magistrate Judge's R&R, **OVERRULES** C.C.'s objections, and **DENIES** the Motion for Entry of Protective Order (Mot. for Entry of Protective Order, DN 24).

### I.   STATEMENT OF FACTS AND CLAIMS

On April 13, 2015, the Court entered a Memorandum Opinion and Order granting summary judgment to Defendant Best Buy Co., Inc. (Mem. Op. & Order, DN 22). In that Memorandum Opinion and Order, the Court described sexually harassing comments that Plaintiff Robert A. Sharp, Jr. ("Sharp") made to his co-workers, including comments reported by C.C. (*See* Mem. Op. & Order 2-5).

On September 25, 2015, C.C. filed a Motion for Entry of Protective Order, requesting that the Court enter an order "requiring the redaction of the names of all non-party employees of the Defendant from all publicly available documents; prohibiting the disclosure, publication, or

dissemination of an unredacted documents associated with this matter; and the replacement of her name with her initials, 'C.C.,' on the docket for this case." (Mot. for Entry of Protective Order 3). On November 4, 2015, Magistrate Judge Brennenstuhl filed his R&R recommending that C.C.'s motion be denied. (R&R 5). On November 18, 2015, C.C. filed her objection. (Obj. to R&R). The R&R and underlying motion are thus ripe for review.

## II. JURISDICTION

This Court has subject-matter jurisdiction by virtue of Sharp's claim of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, pursuant to 28 U.S.C. § 1331. The Court may also "manage its proceedings, vindicate its authority, and effectuate its decrees" following the entry of a final judgment. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994).

## III. DISCUSSION

Federal Rule of Civil Procedure 26 ("Rule 26") allows the Court to issue protective orders for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). C.C. does not seek a traditional protective order, however; instead, she seeks redaction of an existing opinion and order of this Court, as well as an order "prohibiting the disclosure, publication, or dissemination of any unredacted documents associated with this matter . . . ." (Mot. for Entry of Protective Order 3).

As a preliminary matter, C.C. objects on the basis that the cases cited by the Magistrate Judge are not on-point in that they address the sealing of court records, rather than the redaction of court records. (Obj. to R&R 1-2). Whether a document is sealed or redacted is, for the purposes of this matter, largely a semantic difference. The fact remains that "the open courtroom [is] . . . a fundamental feature of the American judicial system." *Brown & Williamson Tobacco*

*Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983) (citations omitted).

In his R&R, the Magistrate Judge found that C.C. did not meet the requirement of Rule 26, in that she did not suffer more than mere embarrassment, and cites *Ericson v. Ford Motor Co.*, 107 F.R.D. 92, 94 (N.D. Ark. 1985), for the proposition that she must show *unreasonable* embarrassment. (R&R 4). C.C. argues, to the contrary, that she need not suffer unreasonable embarrassment in order to secure a protective order. (Mot. for Entry of Protective Order 2). She argues that the Magistrate Judge is correct that a *party* must show unreasonable embarrassment, but she is not a party to this action and therefore does not need to show that failure to redact her name will cause her to suffer unreasonable embarrassment. (Mot. for Entry of Protective Order 2-3 (citing *Ericson*, 107 F.R.D. at 94)).

The case cited, however, focuses on the standard of "good cause" enumerated in Rule 26, and that court held that it encompasses a "standard of reasonableness." *Ericson*, 107 F.R.D. at 94. Just as Rule 26 is applicable to both parties *and* non-parties, so is the reasonableness standard it encompasses. *See In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 426 (9th Cir. 2011) ("The plain meaning of the word 'person' would include third parties who are not part of the litigation. Thus, we cannot logically exclude third parties from our rule that whoever is seeking protection under Rule 26(c) bears the burden of showing good cause.")

In the alternative, C.C. argues that she *has* suffered unreasonable embarrassment. (Mot. for Entry of Protective Order 3). She explains that the Court's Memorandum Opinion and Order has been made available online, meaning that an account and password with the federal courts' electronic filing and case management software is not necessary to view that document, with the

result that any member of the public can view it. (Mot. for Entry of Protective Order 3). Her embarrassment comes from having her name associated with the graphic and explicit statements made to or about her recited in the Court's Memorandum Opinion and Order. (Mot. for Entry of Protective Order 3). She notes that in her current position as a teacher she has had students ask her about the case and has had to discuss the matter with school administration. (Mot. for Entry of Protective Order 3). She also notes that future employers will discover the Court's Memorandum Opinion and Order when searching for her teacher profile, as the website hosting the image of the Court's Memorandum Opinion and Order appears before her teacher profiled in online search results. (Mot. for Entry of Protective Order 3).

While the Court is sympathetic to C.C., she has not fulfilled the requirement of good cause—in this context, unreasonable embarrassment—contemplated by Rule 26. The Court's Memorandum Opinion and Order is part of the public record, and has been for over seven months. While explaining the circumstances of this matter to her students and school administration may cause C.C. embarrassment, there is no allegation that she is unable to perform the necessary functions of her work due to this embarrassment. Her concerns regarding future employment are understandable, however, the Court's Memorandum Opinion and Order makes clear that her only role in this matter is that she was a victim of Sharp's sexual harassment. To the extent that C.C. believes that an employer would deny her employment on that basis, that belief is purely speculative. In fact, it is difficult to believe that any school system would consider Plaintiff's sexual harassment of C.C. as a negative reflection on C.C. In sum, C.C. has not shown that failure to grant her a protective order would result in *unreasonable* embarrassment.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Findings of Fact, Conclusion of Law and Recommendation (DN 29) is **ADOPTED**, Movant C.C.'s objections (DN 30) are **OVERRULED**, and her Motion for Entry of Protective Order (DN 24) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 28, 2015

cc: counsel of record
Robert A. Sharp, Jr., *pro se*